IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**REX I. HATFIELD,**

    Petitioner,

v.                                 **Criminal Case No. 08-cr-30020-DRH**
                                     **Civil Case No. 12-cv-1111-DRH**

**UNITED STATES OF AMERICA,**

    Respondent.

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on petitioner Rex I. Hatfield's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1). Defendant was convicted by a jury of conspiracy to burglarize pharmacies, 18 U.S.C. §§ 2118(b), (d), and to distribute controlled substances (including morphine, methadone, oxycodone, fentanyl, alprazolam, cocaine, and hydrocodone), the use of which resulted in death or serious bodily injury, 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846—specifically, four deaths, plus a serious bodily injury to a fifth user of the defendant's drugs. Defendant was sentenced to life in prison, and he appealed. On appeal, the Seventh Circuit reversed the convictions relating to some of the deaths based upon error in the jury instructions, but affirmed the other convictions, 591 F.3d 945 (7th Cir. 2010). On remand, the government dismissed the charges the Seventh Circuit reversed, and this Court resentenced defendant to 360 months' imprisonment. Defendant then moved for a new trial, and this Court denied that motion. Defendant appealed, and the

Seventh Circuit affirmed the Court's judgment, 423 Fed. Appx. 648 (7th Cir. 2011). Defendant then filed a petition for writ of certiorari, which the Supreme Court denied, 132 S. Ct. 523 (2011), on October 31, 2011. Thus, petitioner filed his instant § 2255 petition on October 12, 2012. *See Houston v. Lack*, 487 U.S. 266 (1988) (holding that a prisoner's submission to the court is deemed "filed" on the date he delivers it to the prison authorities for forwarding on to the court). In his seventy page § 2255 motion, petitioner raises seven issues, claiming that his First, Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendment rights were violated.

The same day petitioner filed his § 2255 motion, petitioner also filed a motion for recusal (Doc. 2) and a motion to join (Doc. 3). In his motion for recusal, petitioner requests that this judge recuse himself from this case because the appearance of impropriety exists and because actual bias and prejudice have already been proven. In the motion to join, petitioner asks that his petition be joined with his co-defendant and brother Everly Hatfield's § 2255 petition because Everly Hatfield has trouble reading and writing and a joinder would enable the respondent to more easily prepare a response.

Pursuant to Rule 4 of the RULES GOVERNING SECTION 2255 PROCEEDINGS, the Court **ORDERS** the government to file a response to petitioner's motion within **THIRTY (30) DAYS** of the date of this Order. The government shall, as part of its response, attach all relevant portions of the record. As to petitioner's motion for recusal, this motion is denied. The Court cannot allow the legal system to be

manipulated by criminal defendants filing frivolous complaints and engaging in defamatory letter writing campaigns against judges just to try to judge shop on the theory that the judge will be unable to perform his constitutional duties faithfully or to create some inference of such an issue. The complaint of judicial misconduct filed by petitioner was dismissed by the Seventh Circuit on October 25, 2012, and this judge, having tried this case, should consider this motion. Lastly, petitioner's motion to join is also denied. Petitioner has provided no case law to support its motion that these claims can or should be tried to together.

**IT IS SO ORDERED.**

Signed this 3rd day of January, 2013.

Digitally signed by David R. Herndon
Date: 2013.01.03 16:25:00 -06'00'

**Chief Judge
United States District Judge**