IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

REX I. HATFIELD,

        Petitioner,

vs.                       No.  3:12-cv-01111-DRH

UNITED STATES OF AMERICA

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Pending before the Court is petitioner Rex I. Hatfield's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).  The Government has responded (Doc. 7).  Petitioner filed a motion for an extension of time to file a reply to the government's response (Doc. 8) and, prior to the Court's ruling on the motion, petitioner filed his reply (Doc. 9).  For the following reasons, petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**.  The Court will also address the other various pending motions (Docs. 11, 14, 15, 19, 22, 25, 26, 28, 29, 30, 34, 35, 36, 37).

## I.      Background

Defendant was convicted by a jury of conspiracy to burglarize pharmacies, 18 U.S.C. §§ 2118(b), (d), and to distribute controlled substances (including morphine, methadone, oxycodone, fentanyl, alprazolam, cocaine, and

hydrocodone), the use of which resulted in death or serious bodily injury, 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 — specifically, four deaths, plus a serious bodily injury to a fifth user of the defendant's drugs.   Defendant was sentenced to life in prison, and he appealed.   On appeal, the Seventh Circuit reversed the convictions relating to the four deaths and the serious bodily injury to a fifth user based upon error in the jury instructions, but affirmed the other convictions, 591 F.3d 945 (7th Cir. 2010).   On remand, the Government dismissed the charges the Seventh Circuit reversed, and this Court resentenced defendant to 360 months imprisonment.   Defendant then moved for a new trial, and this Court denied that motion.   Defendant appealed raising one issue: The District Court Abused Its Discretion in Denying Appellants' Motion for New Trial for Lack of Materiality Where the Defense's Newly Discovered Evidence, Which Was a New Basis for Impeaching Two Key Government Witnesses With Regard to Their Description of an Important Event, Created a Reasonable Likelihood that the Jury Would Find The Witnesses Were Not Credible.   The Seventh Circuit affirmed the Court's judgment, 423 Fed. Appx. 648 (7th Cir. 2011).   Defendant then filed a petition for writ of certiorari, which the Supreme Court denied, 132 S. Ct. 536 (2011), on October 31, 2011.

Petitioner filed his § 2255 petition on October 18, 2012.   In his 71-page petition, petitioner raises the following seven constitutional claims:

1) His First and Fifth Amendment rights were violated when the Government inappropriately referred to Pam Hatfield as petitioner's "Estranged Wife"

and she, still married to him, testified against him (Doc. 1 at 10-12).

2) His Fourth Amendment rights were violated when his vehicle and hotel room were searched at the Red Roof Inn (Doc. 12-14).

3) His Fifth Amendment rights were violated by (A) the prosecutor suborning perjured testimony at trial; (B) prosecutorial misconduct; (C) impartiality or misconduct of the judge; (D) prohibitive constructive amendments to the indictment; (E) perjury at trial; (F) perjury during Grand Jury hearing; (G) Vindictive prosecution; (H) Selective prosecution; (I) Expo Facto violations; (J) Double jeopardy; (K) Brady violations; (L) inadmissible evidence; (M) violation of motion in limine; (N) testimony outside the scope of the conspiracy (Doc. 1 at 15-51).

4) His Sixth Amendment rights were violated when certain evidence, listed on pages 52 and 53, was admitted at trial in violation of the Confrontation Clause of the Sixth Amendment (Doc. 1 at 51-56).

5) His Seventh Amendment rights were violated when the Court ordered him to pay restitution (Doc. 1 at 68).

6) His Eight Amendment rights were violated because of the restitution he was order to pay and also because the refusal of the U.S. Marshal's office to refer him for a psychiatric evaluation (Doc. 1 at 69).

7) His Fourteenth Amendment rights were violated in the same way his Fifth Amendment rights were violated (Doc. 1 at 70).

In addition to his purely constitutional claims, petitioner raises

twenty-four allegations of ineffective assistance of counsel. The Court has thoroughly reviewed the petition and summarizes petitioner's assertions as follows:

1) Counsel failed to file a motion for time served (Doc. 1 at 56).

2) Counsel failed to file objections to the Court's use of the 2010 Guidelines which violated the Ex Post Facto Clause (Doc. 1 at 56).

3) Counsel failed to file objections to the *Booker* violations when the judge enhanced petitioner's sentence for death resulting in violation of *Apprendi* (Doc. 1 at 56).

4) Counsel failed to object to fourteen pieces of evidence (Doc. 1 at 57-60).

5) Counsel failed to petition the Court for a psychiatric evaluation (Doc. 1 at 59).

6) Counsel failed to object to the amendment of the indictment (Doc. 1 at 60).

7) Counsel failed to object to demonstrative "pills" exhibit (Doc. 1 at 60).

8) Counsel failed to object to murder not being charge in the indictment (Doc. 1 at 60).

## II.    Motions to Amend

The Court must first address petitioner's motions to amend his motion to vacate, set aside, or correct sentence (Docs. 14, 15, 29, 37). For the following reasons, the motions are **DENIED.**

On June 24, 2013, petitioner filed his first motion to amend per the recent Supreme Court decision *Peugh v. United States.* ___  U.S. ___, 133 S.Ct. 2072

(2013).   Petitioner argues that the sentencing judge inappropriately applied the 2010 Sentencing Guidelines instead of the 2003 Sentencing Guidelines thereby violating the Ex Post Facto Clause of the Constitution as established by *Peugh.*

Shortly thereafter, petitioner filed a second motion to amend (Doc. 15) replying on another recent Supreme Court decision, *Alleyne v. United States*. 133 S.Ct. 2151 (2013).   Petitioner argues that the sentencing judge violated *Apprendi,* as extended by *Alleyne*, when he inappropriately applied a base offense level 38, used when the conviction establishes that a death or serious bodily injury resulted from the use of the substance, because the "resulting from" portion of their indictment had been dismissed.   U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(a)(2) (2010).   Therefore, this aspect of the sentencing was not submitted before a jury and found beyond a reasonable doubt as required in *Alleyne*.

The Government responded to both motions (Docs. 20, 21).   In its response to petitioner's first motion, the Government asserts that *Peugh* does not apply because the 2010 guidelines did not increase the petitioner's guideline sentence range in any way.   In its response to petitioner's second motion to amend, the Government argues that when petitioner was resentenced by this Court on December 3, 2010, he was not subject to the mandatory minimum sentence guidelines because no mandatory minimum sentence applied to either his conspiracy to distribute a controlled substance conviction or his conspiracy to commit pharmacy burglaries conviction.   21 U.S.C. § 841(a)(1), (b)(1)(C) and

846;   18 U.S.C. § 2118(b) and (d) respectively.   In its review of *Alleyne*, the Government asserts that *Alleyne* does not apply retroactively because it is an extension of *Apprendi* and the Seventh Circuit has held that *Apprendi* is not retroactive.   *Curtis v. United States*, 294 F.3d 841, 842 (7th Cir. 2002). However, if *Alleyne* is given retroactive effect, the Government argues that the case would not apply because *Alleyne* only applies to increases to a mandatory minimum sentence and petitioner was never subject to a mandatory minimum sentence.

Petitioner thereafter filed a motion for an extension of time to file a reply to Government's response (Doc. 22).   That motion is now **MOOT** as petitioner has again filed his replies prior to the Court's ruling (Doc. 23, 24).   In his first reply, petitioner asserts that the use of the 2010 Guidelines did result in greater punishment and required less testimony to convict.   In his second reply, petitioner spends a considerable amount of time arguing that *Alleyne* should apply retroactively.

On December 16, 2013, petitioner filed a third motion to amend (Doc. 29). In his third motion to amend, petitioner seeks to expand the narrative of his original grounds by introducing new and recently discovered evidence (Doc. 29 at 3).   Specifically, petitioner expands on his claim that his attorney's failure to object to the Western Union money order amounts to constitutional ineffective assistance of counsel.

Finally, on September 29, 2014, petitioner filed a third motion to amend

(Doc. 37).   In this motion, petitioner asserts that, pursuant to *Alvarez v. Ercole*, 763 F.3d 223 (2d Cir. 2014), his cross-examination of Officer Branson was restricted in violation of the Confrontation Clause.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) "allows every prisoner one full opportunity to seek collateral review.   Part of that opportunity — part of every civil case — is an entitlement to add or drop issues while the litigation proceeds." *Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999).   The "entitlement is far from boundless.   It is circumscribed by Federal Rule of Civil Procedure 15(a) . . . which provides that courts should grant leave to amend freely only 'when justice so requires.'" *Vitrano v. U.S.*, 643 F.3d 229, 234 (7th Cir. 2011).   The Court has wide discretion in deciding whether to grant leave to amend.   *Id.*   "Justice generally does not require such leave if a movant demonstrates 'undue delay, bad faith, or dilatory motive,' or if undue prejudice to the opposing party would result." *Id.*

The Court will not grant any of petitioner's motions to amend as petitioner's assertions have either already been presented to the Court in his section 2255 petition or clearly fail as a matter of law.   First, *Alleyne* shall not be applied retroactively.   *See Simpson v. United States*, 721 F.3d 875 (7th Cir. 2013).   Second, petitioner raises *Peugh* and his counsel's failure to object to the court's use of the 2010 guidelines in his original petition.   The Government's failure to address the issue in its response does not warrant an amendment. Third, petitioner's "newly presented evidence" regarding his ineffective

assistance of counsel claim is merely an expansion of the argument he made in his section 2255 petition while directing the Court's attention to a specific portion of the trial transcript already before the Court.   Finally, petitioner's Confrontation Clause argument based on the analysis in *Alvarez*, a Second Circuit case, must also fail.   *Alvarez* is not controlling in this District and Seventh Circuit case law already establishes that defendant shall be afforded a meaningful opportunity to cross-examine a witness.   *United States v. Ghilarducci*, 480 F.3d 542, 548 (2007).   Petitioner failed to raise this issue on direct appeal, therefore it, like his other constitutional claims, is procedurally defaulted.

### III.   <u>Other Preliminary Matters</u>

The Court will next address a number of other preliminary matters including several discovery motions, the necessity for an evidentiary hearing, and appointment of counsel.

### 1) Discovery Motions

Petitioner has filed several motions regarding discovery (Docs. 11, 25, 28, 30).   In his first motion for discovery, petitioner seeks an order from the Court to direct the Government to produce discovery and provide evidence of the specific Western Union wire transfers (Doc. 11).   In his motion to preserve evidence, petitioner requests that the Court direct the Government to preserve all documents related to and reasonably related to petitioner's case (Doc. 25).   In the two final motions for discovery, petitioner requests that the Court direct the

Government to produce discovery and provide evidence of (1) the Grand Jury testimony of Donald Rigby, Connie Sue Stevens, and Sheila Acklin (Doc. 25) and (2) the Attorney General's prior approval of the duplicate federal-state prosecution in 2002 (Doc. 28).

The district court has the authority to order discovery to allow an adequate inquiry into petitioner's claim. *Lafuente v. United States*, 617 F.3d 944, 946 (7th Cir. 2010). "To warrant further investigation, a petitioner must support a request with more than 'mere unsupported assertions.'" *Id.*

In case, underlying petitioner's request is an assumption that AUSA Garrison falsified documents and then had witnesses perjure themselves. Petitioner has not supplied anything more than his mere unsupported assertions of this accusation such that the Court finds discovery of any kind warranted. Therefore, petitioner's discovery motions are **DENIED**.

## 2) Evidentiary Hearing

Petitioner filed an objection to this Court's order of April 8, 2014 that the Court construes as a motion for reconsideration of the Court's order (Doc. 33). Petitioner objects to the Court's minute entry indicating that an evidentiary hearing in this matter is not necessary. Thereafter petitioner also filed a motion to correct and amend an error in his objection to the Court's order (Doc. 34). Specifically, petitioner would like to amend Ground 3 of his objection to the Court's order. The Court **GRANTS** the motion to correct and amend an error. However, the Court **DENIES** petitioner's reconsideration regarding the portion of

the Court's April 8, 2014 order denying an evidentiary hearing.

A district judge is not required to grant an evidentiary hearing in a § 2255 case when "the record standing alone conclusively demonstrates that a petitioner is entitled to no relief." *Daniels v. United States*, 52 F.3d 290, 293 (7th Cir. 1995) (citing *Humphrey v. United States*, 896 F.2d 1066, 1070 (7th Cir. 1990)).  If it appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion for an evidentiary hearing.  *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).  Petitioner has not demonstrated that he is entitled to any relief.  His claims are speculative at best, and show no specific factual allegations that would, if proven, entitle him to relief.  *See Hutchings v. United States*, 618 F.3d 693, 699-700 (7th Cir. 2010).

**3) Appointment of Counsel**

Petitioner has filed a motion to appoint counsel (Doc. 19).  A petitioner does not have a constitutional right to counsel because a motion under § 2255 is a civil proceeding.  *Rauter v. United States*, 871 F.2d 693, 695 (7th Cir. 1989). In light of the fact that no hearing is required, the Court is not obligated to appoint counsel, and the Court finds that petitioner has adequately presented his arguments, appointment of counsel is not warranted in this case.  *Id.* at 695-96.  Therefore the Court **DENIES** petitioner's motion to appoint counsel (Doc. 19).

### IV.  <u>Analysis</u>

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States."   28 U.S.C. § 2255.   More precisely, "[r]elief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). As a result, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations."   *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).

Of course, a § 2255 motion does not substitute for a direct appeal.   A defendant cannot raise constitutional issues that he could have but did not directly appeal unless he shows good cause for and actual prejudice from his failure to raise them on appeal or unless failure to consider the claim would result in a fundamental miscarriage of justice.   *Bousley v. United States*, 523 U.S. 614, 622 (1998); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir.2000); *Prewitt*, 83 F.3d at 816. Meanwhile, a § 2255 motion cannot pursue non-constitutional issues that were unraised on direct appeal regardless of cause and prejudice.   *Lanier v. United States*, 220 F.3d 833, 842 (7th Cir. 2000).   The only way such issues could be heard in the § 2255 context is if the alleged error of law represents "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979).   Petitioner failed

to raise any of his alleged constitutional law claims on direct appeal and fails to demonstrate any good cause for failing to raise the claims.

However, the failure to hear a claim for ineffective assistance of counsel in a § 2255 motion is generally considered to work a fundamental miscarriage of justice because often such claims can be heard in no other forum.  They are rarely appropriate for direct review since they often turn on events not contained in the record of a criminal proceeding.  *Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *Fountain*, 211 F.3d at 433-34.   Further, the district court before which the original criminal trial occurred, not an appellate court, is in the best position to initially make the determination about the effectiveness of counsel in a particular trial and potential prejudice that stemmed from that performance. *Massaro*, 538 U.S. at 504–05.   For these reasons, ineffective assistance of counsel claims, regardless of their substance, may be raised for the first time in a § 2255 petition.

To succeed in an ineffective assistance of counsel claim, a petitioner must demonstrate (1) his attorney's performance "fell below an objective standard of reasonableness," and (2) "but for counsel's unprofessional errors the result of the proceeding would have been different."   *Strickland v. Washington*, 466 U.S. 668, 694 (1984).   To satisfy the first prong, "the Court must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."   *Id.* at 690.   To satisfy the second prong, a petitioner must demonstrate to a "reasonable probability" that

without the unprofessional errors, "the result of the proceeding would have been different." *Id.* at 696.   A district court's analysis begins with a "strong presumption that the defendant's attorney rendered adequate representation of his client." *United States v. Meyer*, 234 F.3d 319, 325 (7th Cir. 2000).   Thus, a petitioner must overcome a heavy burden to prove that his attorney was constitutionally deficient. *Shell v. United States*, 448 F.3d 951, 955 (7th Cir. 2006).

Petitioner's ineffective assistance claims fail both prongs of *Strickland*. The Court finds that defense counsel's performance did not fall below an objective standard of reasonableness.   Upon review, the Court is satisfied that petitioner's suggested objections are frivolous and without merit.   First, a motion for time served is not properly brought before the trial court, but instead at sentencing (Claim 1).   Second, the Court properly used the 2010 Guidelines, thus counsel had not cause to object to the guideline calculation.   Further, as indicated by the third addendum to the presentence report, counsel did raise the issue, but the 2010 guidelines had no effect on the sentence calculation (Criminal Case, Doc. 335) (Claim 2).   Third, *Apprendi* does not apply as sentencing factors need not be charged (Claim 3).   Fourth, many of the fourteen potential objections to evidence involve a misreading of the Federal Rules of Evidence, specifically hearsay.   The Court has not found a meritorious objection (Claim 4).   Fifth, the Court addressed this petitioner's competency issues with Counsel on Trial Day 7.   In this discussion, counsel represented to the Court

that petitioner told him that he did not need psychiatric services or a psychiatric evaluation.   Counsel also states that petitioner's own physician did not believe there was an issue with petitioner's competency.   The Court agreed and trial proceeded (Claim 5).   Sixth, not all evidence needs to be included in the indictment (Claim 6).   Seventh, the pills were merely used as a demonstrative exhibit, never introduced as substantive evidence (Claim 7).   Finally, petitioner misconstrues the indictment and the purpose of the introduction of the overdose deaths.   The evidence was used to show that petitioner (and his brother) distributed the drugs which caused the deaths (Claim 8).   Therefore, defense counsel acted within his discretion when he either determined not to bring the objection, or had no bases in law to do so.

Furthermore, the Court concludes that petitioner was not prejudiced by defense counsel's alleged failures.   Not only was the evidence presented at trial overwhelming, failure to make a *frivolous* objection does not constitute ineffective assistance of counsel.   *United States v. Rezin*, 322 F.3d 443, 446 (7th Cir. 2003) (emphasis in original).

## V.   <u>Other Motions</u>

Petitioner has also filed a number of miscellaneous motions.   First, petitioner moved pro-se, in forma pauperis for free transcripts and exhibits from co-defendants' trial, criminal no. 07-30024-MJR, and all paper exhibits from his own trial case no. 08-30020-DRH (Doc. 26).   Section 28 U.S.C. § 753(b), as construed by the Seventh Circuit, allows an indigent defendant to obtain free

copies of documents in the court's file if he shows that he has exhausted all other means of access to the file and that the documents are necessary for the preparation of some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977). Petitioner's motion is insufficient. He has failed to show that he has exhausted all other means of access to the file. Therefore, the Court **DENIES** petitioner's request.

Petitioner has also filed a motion to stay pending the disposition of a motion rule 62(B) (Doc. 35). Specifically, he asks the Court to stay ruling on his original section 2255 motion on the basis that numerous motions in support of his original claims have not yet been ruled on by the Court. As the Court has now addressed the additional, preliminary motions in question, the Court **DENIES** petitioner's motion to stay (Doc. 35).

Petitioner also filed a Motion Requesting This Honorable Court Address the Full Contingency Issues Raised in his 28 U.S.C. § 2255 Pursuant to Fed. R. Civ. PR. 52(a) Regarding Findings and Conclusions When Rendering Final Judgment in This Petition (Doc. 36). The Court construes petitioner's motion as a request that the Court take notice of specific procedural facts. As the Court has ruled on the petitioner's section 2255 petition, the Court finds this motion **MOOT**.

## VI.   Certificate of Appealability

Under Rule 11(a) of THE RULES GOVERNING SECTION 2255 PROCEEDINGS, the "district court must issue or deny a certificate of appealability when it enters a

final order adverse to the applicant."   Thus, the Court must determine whether petitioner's claims warrant a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

A certificate of appealability is required before a petitioner may appeal a district court's denial of his habeas petition.   A petitioner is entitled to a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."   This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."   *Miller-el v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Here, the undersigned finds no basis for a determination that the Court's instant decision to dismiss petitioner's claims is debatable or incorrect.   For the reasons stated above, petitioner asserted seven meritless claims that reasonable jurists would conclude as barred from review.   Therefore, the Court declines to certify any issues for review pursuant to 28 U.S.C. § 2253(c).

## VII.   <u>Conclusion</u>

Accordingly, petitioner's motions to amend (Docs. 14, 15, 29, 37) are **DENIED**.   Petitioner's motion to appoint counsel (Doc. 19) is **DENIED**. Petitioner's motion for extension of time (Doc. 22) is **DENIED as MOOT**. Petitioner's discovery motions (Docs. 11, 25, 28, 30) are **DENIED**.   Petitioner's

motion to correct and amend error (Doc. 34) is **GRANTED**.   Petitioner's objection that the Court construes as a motion for reconsideration (Doc. 33) is **DENIED**. Petitioner's motion for free copy of trial transcripts (Doc. 26) is **DENIED**. Petitioner's motion to stay (Doc. 35) is **DENIED**.   Petitioner's motion requesting this Honorable Court Address the Full Contingency Issues Raised (Doc. 36) is **DENIED as MOOT**.

Finally, petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED** and this case is **DISMISSED with prejudice.**   The Clerk of the Court is **DIRECTED** to enter judgment accordingly.   The Court shall not issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed this 7th day of October, 2014.

Digitally signed by
David R. Herndon
Date: 2014.10.07
10:44:32 -05'00'

**District Judge**
**United States District Court**