IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

REX I. HATFIELD,

Petitioner,

No. 3:12-cv-01111-DRH

UNITED STATES OF AMERICA,

Respondent.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Before the Court is petitioner, Rex Hatfield's ("petitioner"), Motion for Leave to Appeal in Forma Pauperis. [Doc. 82]. As it stands, this is petitioner's third motion of its kind. *See also* docs. 47, 51. The Court originally dismissed petitioner's case with prejudice on October 7, 2014 (doc. 38), and petitioner filed a notice of appeal on November 26, 2014. [Doc. 40]. Petitioner's original motion for leave to appeal in *forma pauperis*, (doc. 47), was denied as the appeal was not taken in good faith as "no reasonable person could suppose that [the] appeal [had] any merit." Doc. 48 p. 2. Petitioner followed with a second motion for leave to appeal in *forma pauperis* filed on December 15, 2014. [Doc. 51]. This Court denied the second such motion as it should have been filed with the Appellate Court. *See*, doc. 52.

On May 19, 2015, the Seventh Circuit Court of Appeals denied petitioner's request for a certificate of appealability and denied his motion to proceed in *forma pauperis,* as the appellate court found "no substantial showing of the denial

of a constitutional right." Doc. 57. Not to be deterred, on June 8, 2017, petitioner filed a motion entitled, "Motion and Supporting Brief Pursuant to Rule 60(b)(6) of Federal Rules of Civil Procedure." doc. 60, which the government opposed in the form of a motion to dismiss. *See* doc. 69. After considering the briefing, the Court agreed with the government that while petitioner's motion in name was titled as seeking relief under Rule 60(b)(6), in actuality, the motion was a successive section 2255 petition, subject to immediate dismissal as petitioner did not first obtain permission from the Seventh Circuit Court of Appeals. *See,* doc. 75, pgs. 3-4. The Court also noted in its Order denying petitioner's motion and granting the government' motion to dismiss [doc. 75], that petitioner has failed to adequately preserve his objections to his sentencing for appellate review as they were not raised "both at trial and on direct appeal[.]" *Id*. at 5. Additionally, the cases petitioner argued to apply to vacate application of the 2D1.1 United States Sentencing Guideline enhancement to his sentence, *United States v. Lawler*, 818 F.3d 281 (7th Cir. 2016) and *Krieger v. United States*, 842 F.3d 490 (7th Cir. 2016), do not announce "a new and retroactive rule of constitutional law." *Id*. As such, the Court found that petitioner did not demonstrate "cause" nor "actual prejudice" to allow for a showing of why any procedural default exceptions would apply.

Due to the above findings, petitioner's motion for leave to appeal in *forma pauperis* (doc. 82) from the Court's most recent order is not made in good faith. *See* 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the

trial court certifies in writing that it is not taken in good faith." *Id*. To determine that an appeal is taken in good faith, the Court "need only find that a reasonable person could suppose that the appeal has some merit. *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (citing *Lee v. Clinton*, 209 F.3d 1025, 026 (7th Cir. 2000)). No reasonable person could reach the conclusion that the most recent appeal is taken in good faith due to the findings of the Court listed *supra.*

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in *forma pauperis* on appeal (Doc. 82) is **DENIED**. Petitioner Hatfield shall tender the appellate filing and docketing fee of $505.00 to the Clerk of the Court in this District within **THIRTY** (30) days of the date of the entry of this Order or he may reapply with the Seventh Circuit Court of Appeals for leave to proceed in *forma pauperis* on appeal.

**IT IS SO ORDERED.**

Judge Herndon
2018.01.22
11:19:49 -06'00'

**United States District Judge**

3