IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REX I. HATFIELD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   Case No. 12-cv-01111-DWD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**DUGAN, District Judge:**

Now before the Court is Petitioner Rex I. Hatfield's Motion to Vacate a Void Judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) (Doc. 89).

**Background**

On December 3, 2010, Petitioner was sentenced to 360-months imprisonment to be followed by 3-years of supervised release after being convicted by a jury of conspiracy to burglarize pharmacies and to distribute controlled substances. *See United States v. Hatfield et al*, S.D. Ill. Case No. 8-cr-30020-DRH-1, Doc. 327; *see also* Doc. 75. In October 2012, Petitioner filed his initial motion pursuant to 28 U.S.C. § 2255 in this civil action (Doc. 1). In his initial motion, Petitioner raised several constitutional claims and over twenty allegations of ineffective assistance of counsel (Doc. 1; Doc. 38). The initial motion was denied, and the case was dismissed with prejudice (Doc. 38). Judgment was entered on October 8, 2014 (Doc. 39). Petitioner appealed the denial of his § 2255 motion, and the Seventh Circuit denied his request for a certificate of appealability (Doc. 57-1).

On June 8, 2017, Petitioner filed a motion pursuant to Fed. R. Civ. P. 60(b)(6) with this Court (Doc. 60). The Court construed the motion as an unauthorized successive § 2255 motion and denied the motion for lack of subject matter jurisdiction (Doc. 75). Petitioner appealed this denial, and on August 24, 2018, the Seventh Circuit again denied his request for a certificate of appealability (Doc. 88-1).

By Petitioner's present motion, he seeks relief from final judgment pursuant to Fed. R. Civ. P. 60(b)(4), arguing that the October 8, 2014 Judgment at Doc. 39 is void (Doc. 89). Petitioner asserts that he is entitled to relief because the district court did not specifically address all of his claims for ineffective assistance of counsel as alleged in his initial § 2255 motion (Doc. 89).

## Discussion

Rule 60 of the Federal Rules of Civil Procedure governs the method for obtaining relief from final judgments and is accessible to habeas petitioners who seek to challenge defects "in the integrity of the[ir] federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). Under Rule 60(b) a court "may relieve a party from final judgment, order, or proceeding" for a limited number of reasons, including the one that Petitioner asserts here: "the judgment is void." Fed. R. Civ. P. 60(b)(4). "A void judgment is not synonymous with an erroneous judgment. Even gross errors do not render a judgment void." *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 951 (7th Cir. 2000). Instead, a judgment is void "only if the court which rendered it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process of law." *Id.* Therefore, "Rule 60(b)(4) applies only in the rare instance where a judgment is

premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Air Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010).

Habeas petitioners may not, however, invoke Rule 60(b) as a mechanism to "circumvent statutory limitations on successive [§ 2255] applications." *Freeman v. Chandler*, 645 F.3d 863, 868 (7th Cir. 2011) (citing *Gonzales*, 545 U.S. at 532). District courts lack jurisdiction to hear second or successive § 2255 motions unless the movant first obtains permission from the court of appeals. *See* 28 U.S.C. § 2255(h); *Curry v. United States*, 507 F.3d 603, 605 (7th Cir. 2007). As such, Rule 60(b) motions filed after the resolution of a § 2255 motion, and which challenge "the propriety of a criminal conviction or sentence" either by arguing the merits of a new claim or re-arguing a previously adjudicated claim, are more accurately characterized as second or successive § 2255 motions. *See Huber v. United States*, 2016 WL 3360462, at *3 (C.D. Ill. June 16, 2016); *United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007)). Under these circumstances, the new § 2255 motion it is not reviewable by this Court unless prior authorization from the Seventh Circuit is obtained. *See Lieberman v. Scott*, 2019 WL 6173422, at *2 (N.D. Ill. Nov. 20, 2019); s*ee also United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005) ("an objection to the validity of the criminal conviction or sentence is [a successive § 2255 motion] no matter how it is couched or captioned.").

However, not every Rule 60(b) motion must be construed as a new habeas petition. Instead, motions that challenge the district court's "failure to reach the merits" of an issue raised in an initial habeas petition, do "not warrant [treatment as a habeas petition], and

3

can therefore be ruled upon by the District Court." *Freeman*, 645 F.3d at 867 (quoting *Gonzales*, 545 U.S. at 538); *see also Lieberman*, 2019 WL 6173422, at *2 ("A motion is *not* successive or secondary where the court failed to reach the merits of an issue raised on his *initial* habeas petition.") (emphasis in original) (citing *Burton v. Stewart*, 549 U.S. 147, 152 (2007)).

In his present Motion, Petitioner contends that the Court failed to consider or resolve each of his twenty-eight specific allegations related to his ineffective assistance claim in his initial § 2255 motion. Arguably, this challenges the integrity of his habeas proceeding. *See Gonzalez*, 545 U.S. at 532; *Freeman*, 645 F.3d at 867; *Burton*, 549 U.S. at 155. However, a review of the district court's opinion dismissing Petitioner's initial § 2255 motion makes clear that the district court *did* consider all of Petitioner's specific grounds in reaching the merits of Petitioner's ineffective assistance of counsel claim. *See* Doc. 38 ("The Court has thoroughly reviewed the petition and summarizes petitioner's assertions as follows."). Therefore, the Court is without jurisdiction to review the substance of that decision.

Further, even if the Court failed to address every alleged error, the Court ultimately concluded that Petitioner could not establish prejudice resulting from his defense counsel's alleged failures, in part, because "the evidence presented at trial [was] overwhelming." (Doc. 38, at p. 14). Such finding precludes Petitioner's ability to succeed in his ineffective assistance claim. *See Strickland v. Washington*, 466 U.S. 668, 688-694 (1984); *Gant v. United States*, 627 F.3d 677, 682 (7th Cir. 2010) ("A failure to establish either deficience or prejudice is fatal to [petitioner's] claim."); *Taylor v. Bradley*, 448 F.3d 942, 950

4

(7th Cir. 2006) (Ineffective assistance claims do not prejudice defendants where "overwhelming evidence" of defendant's guilt is presented at trial).

In sum, Petitioner's arguments cannot support relief under Rule 60(b), and to the extent Petitioner asks this Court to review the substance of the Court's denial of his ineffective assistance of counsel claim, the Court is without jurisdiction to do so. Further, Petitioner has not asserted any grounds that would render the Court's judgment void so to properly invoke Fed. R. Civ. P. 60(b)(4). *United Student Air Funds*, 559 U.S. at 271. He has not argued that the Court lacked jurisdiction to hear his Section 2255 motion. *See id.* Nor has he argued that he was deprived of notice or the opportunity to be heard during this proceeding. *Id.* At best, Petitioner argues that the Court erred in its consideration of the record and its application of the law. Even if Petitioner's claims were correct, the judgment he challenges would not be void. *O'Rourke Bros.*, 201 F.3d at 951. Petitioner's Rule 60(b) motion must therefore be denied.

## Conclusion

Petitioner's Motion to Vacate Judgment Pursuant to Fed. R. Civ. P. 60(b) (Doc. 89) is **DENIED** to the extent that it challenges the integrity of his habeas proceeding and is otherwise **DISMISSED** for lack of jurisdiction.

**SO ORDERED.**

Dated: August 27, 2021

_____
DAVID W. DUGAN
United States District Judge