IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REX I. HATFIELD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 12-cv-01111-DWD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

MEMORANDUM AND ORDER

**DUGAN, District Judge:**

On August 27, 2021, the Court denied Petitioner Rex I. Hatfield's motion to vacate a void judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) (Doc. 91). Petitioner filed a notice of appeal of this order on September 17, 2021 (Doc. 92). Now before the Court is Petitioner's motion for leave to appeal *in forma pauperis* ("IFP") (Doc. 93). This is Petitioner's fourth motion of its kind. (*See also* Docs. 48, 52, 83). As further detailed below, the Court **DENIES** the motion.

Discussion

On October 7, 2014, the Court denied Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, dismissed the case with prejudice, and declined to issue a certificate of appealability (Doc. 38). Petitioner filed a notice of appeal on November 26, 2014 (Doc. 40) and a motion for leave to appeal IFP on December 4, 2014 (Doc. 47). The Court denied Petitioner's original motion for leave to appeal IFP because the appeal was not taken in good faith as "no reasonable person could suppose that [the]

appeal [had] any merit." (Doc. 48). Petitioner's second motion for leave to file IFP was denied because it should have been filed with the Appellate Court (Doc. 52). On May 19, 2015, the Seventh Circuit Court of Appeals denied Petitioner's request for a certificate of appealability and denied his motion to proceed IFP, finding "no substantial showing of the denial of a constitutional right." (Doc. 57).

On June 8, 2017, Petitioner filed a motion pursuant to Federal Rule of Civil Procedure 60(b)(6) (Doc. 60). The Court construed this motion as a successive section 2255 petition subject to immediate dismissal because Petitioner had not obtained permission from the Seventh Circuit Court of Appeals (Doc. 75). Petitioner filed a second notice of appeal on November 22, 2017 (Doc. 76), and a third motion for leave to appeal IFP (Doc. 82). The Court denied this third IFP motion, finding that "[n]o reasonable person could reach the conclusion that the most recent appeal is taken in good faith." (Doc. 83). On August 24, 2018, the Seventh Circuit Court of Appeals again denied Petitioner's request for a certificate of appealability and his motion to proceed IFP, finding "no substantial showing of the denial of a constitutional right." (Doc. 88).

On June 7, 2021, Petitioner filed a motion to vacate judgment pursuant to Fed. R. Civ. P. 60(b)(4) (Doc. 89). The Court denied this motion to the extent it challenged the integrity of his habeas proceeding, and otherwise dismissed the motion for lack of jurisdiction (Doc. 91). On September 17, 2021, Petitioner filed his notice of appeal (Doc. 92) and now fourth motion for leave to appeal IFP (Doc. 93). In his notice of appeal and IFP motion, Petitioner raises one issue on appeal: that the Court abused its discretion when it ruled that it did not have jurisdiction to hear Petitioner's motion for void

judgment (*See* Docs. 92, 93). Petitioner alleges that he is indigent, and in support attached a partial document showing his inmate account balance as of September 8, 2021 (Doc. 93, p. 3).

28 U.S.C. § 1915(a)(1) provides that a district court may authorize commencement of a civil appeal without prepayment of fees by a person who submits an affidavit showing that he is unable to pay the appeal fee. In addition to this affidavit, a prisoner must also "submit a certified copy of [his] trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prisoner at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Section 1915(a)(3) further adds that pauper status cannot be granted if the appeal is not taken in good faith. *See also* Fed. R. App. P. 24(a); *Moran v. Sondalle,* 218 F.3d 647, 651 (7th Cir. 2000). An appeal is taken in "good faith" if it seeks review of any issue that is not clearly frivolous, meaning that a reasonable person could suppose it to have at least some legal merit. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

Petitioner's affidavit in support of his request to proceed IFP on appeal is incomplete. Specifically, he failed to attach a certified statement showing all receipts, expenditures, and balances during the last six months for his institutional accounts. *See* 28 U.S.C. § 1915(a)(2); *Longbehn v. United States*, 169 F.3d 1082, 1083 (7th Cir. 1999). Consequently, the Court is unable to ascertain whether he qualifies for indigent status. Moreover, Petitioner's motion fails because his appeal is not taken in good faith. Based on a review of the record in this matter, and given the findings of the Court listed above,

3

no reasonable person could suppose that Petitioner's most recent appeal has any merit. *See Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

Petitioner's motion for leave to proceed *in forma pauperis* on appeal (Doc. 93) is **DENIED**. Petitioner is **ADVISED** that he has **30 days** from service of this Order to file a motion to proceed *in forma pauperis* on appeal in the Court of Appeals. Fed. R. App. P. 24(a)(5). The Clerk of Court is **DIRECTED** to forward a copy of this Order to the Seventh Circuit Court of Appeals.

**SO ORDERED.**

Dated: September 27, 2021

DAVID W. DUGAN
United States District